UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 24-MJ-226-03 |
| | : | |
| v. | : | |
| | : | |
| THOMAS HUGHES, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that defendant Thomas Hughes be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(A) (crime of violence) and 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm). Defendant Hughes is a member in a Hobbs Act robbery conspiracy that targeted Automated Teller Machines ("ATMs") throughout the DMV. Over the last year, defendant Hughes and his co-conspirators perpetrated over 90 such robberies, including three robberies in the early morning hours the day he was arrested. And, in the search warrant executions that accompanied his arrest, law enforcement recovered approximately 8 firearms.

The government agrees with Pretrial Services' recommendation that no condition or combination of conditions can reasonably assure the defendant's appearance in court or the safety of the community. *See* PSR at 1. The government requests that the Court consider the following points and authorities, as well as any other information presented at the detention hearing, and order the defendant detained pending trial.

**PROCEDURAL HISTORY**

On July 22, 2024, this court issued an arrest warrant based on a criminal complaint for defendants Thomas Hughes, Janarro Raymond Hewett, and other co-conspirators upon finding

probable cause that they had committed a violation of 18 U.S.C. § 1951 (Conspiracy to interfere with interstate commerce by robbery). Defendant Hughes was arrested on July 24, 2024, and made his initial appearance on July 25, 2024. The government moved for pretrial detention and the Court ordered the defendant held without bond pending a detention hearing on July 30, 2024.

## FACTUAL BACKGROUND

This case involves a conspiracy to commit a series of Hobbs Act robberies. Given the extensive nature of the case—over 90 robberies in a year—the government incorporates herein the Statement of Facts included in the criminal complaint. To briefly summarize those facts, since the beginning of 2023, law enforcement investigated a series of commercial burglaries and robberies involving ATMs in and around Washington, D.C. There have been more than ninety of these offenses since early 2023, resulting in at least $8 million in losses. Each of the offenses generally followed a similar pattern:

- The targets have been ATMs located in and around businesses, predominantly 7-Eleven convenience stores;

- The suspects have their faces covered and wear gloves;

- The suspects arrive and depart by vehicle, most often a high-performance SUV or sedan;

- These vehicles are often stolen close in time to the offenses and the suspects often changed the registration plates on the vehicle before or after the offenses;

- The suspects commit these offenses during the middle of the night;

- Multiple suspects enter the business to commit the crime while a driver, at times, stays in the vehicle;

- The suspects utilize tools common to the fire/rescue service to pry and/or cut open the doors of the store and then the ATMs. Most notably is the use of cutting and spreading tools which are commonly referred to as "Jaws of Life," oftentimes manufactured by Holmatro USA.[1]

---

[1] "Jaws of Life" is a registered trademark of one company that manufactures these hydraulic

- Once inside, the suspects split up, with at least one suspect focusing on opening the ATM and stealing the cash, and other suspects focusing on subduing the employees and destroying internal surveillance systems in the offices of the stores;

- During the commission of some of the offenses, firearms were displayed;

- Video surveillance systems show that suspects often utilized handheld radios during the commission of the offenses, rather than communicating using cellphones;

- The suspects move extremely quickly, subduing employees, destroying network surveillance, and stealing cash from ATMs in a matter of minutes;

   The offenses are all carried out in sprees, with multiple ATMs targeted in a single evening, one after another;

- In addition to targeting ATMs, the suspects often attempt to destroy the targeted stores internal and external surveillance systems and network devices;

- The suspects make use of meetup locations prior to and after the offenses. Specifically, the suspects will meet in their own vehicles at a predetermined location, enter the vehicle to be used in the robberies, commit the offenses, and then return to the meetup where they divvy up proceeds and leave in their own vehicles.

In addition to the facts laid out in the in the Statement of Facts and summarized above, on the morning of July 24, 2024, defendant Hughes and his co-conspirators conducted at least three more ATM robberies, including two in Virginia and one in Maryland. Some time after 1:00 a.m. the morning of July 24, the two robberies in Virginia occurred. At approximately 3:30 a.m., a group of individuals robbed a 7-Eleven store located at 650 University Boulevard, Silver Spring, MD. Shortly after the robberies, law enforcement conducting surveillance on the suspects witnessed two of defendant Hughes' co-conspirators hand defendant Hughes what appeared to be a stack of cash, presumably from the robberies that morning. Defendant Hughes then returned to his residence in District Heights, MD.

---

fire/rescue tools.   Though more than one brand of these tools has been utilized in this manner, the Holmatro brand is the most common.   Additional tools have included Halligan tools, gas-powered saws, and sledgehammers.

3

That same morning, law enforcement executed a previously arranged search warrant on defendant Hughes' residence. During the search, law enforcement discovered three handguns, one long-rifle, $10,000 in cash—$2,000 of which was banded—hundreds of stolen lottery tickets, and hundreds of rounds of ammunition. Law enforcement also conducted a search of a storage unit rented and used by defendant Hughes that contained two rifles, one shotgun, one handgun, and hundreds of rounds of ammunition.

## **ARGUMENT**

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142(e).

In determining whether any condition or combinations of conditions will assure the safety of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. 18 U.S.C. § 3142(g).

In making this determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36

(D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues. *See Smith*, 79 F.3d at 1210; *Williams*, 798 F. Supp. at 36.

A review and understanding of the facts and circumstances in this case demonstrates that there are no conditions or combination of conditions that would ensure the safety of the community should the defendant be released. *See* PSR at 1. The Court should detain the defendant pending trial.

I. **The Nature and Circumstances of the Offense Support Detention.**

The first factor to be considered is the nature and circumstances of the offense charged, which weighs heavily in favor of detention. The defendant engaged in a year-long conspiracy with multiple co-conspirators to target and rob ATMs located in area businesses—primarily 7-Eleven stores—using "Jaws of Life" tools and pry bars to break open ATMs and steal the cash within. In almost all instances, the defendant and co-conspirators forcibly corralled 7-Eleven employees to the back while they carried out the robbery, attempted to cover their tracks by wearing ski masks and destroying surveillance equipment, and utilized high-performance vehicles to ensure their ability to evade law enforcement. In some cases, the robbers brandished firearms to obtain compliance from their victims. Indeed, when law enforcement conducted a search of both defendant Hughes' home and storage units, they found eight weapons, including handguns, long rifles, and shotguns. Further, these robberies occurred as recently as July 24, 2024, the very morning of the defendant's arrest, showing just how imminent and immediate this threat is. Thus, the nature and circumstances of this offense weighs heavily in favor of detention.

II. **The Weight of the Evidence Against the Defendant is Formidable.**

The second factor to be considered, the weight of the evidence, also weighs in favor of

detention.[2] The Government's case against the defendant is strong with respect to defendant Hughes. Cell site location data for defendant Hughes' telephone number places him at the meetup location for at least three of the robberies and is the owner of a GMC Yukon SUV that was seen at multiple meetup locations with other co-conspirators. When law enforcement executed a search warrant on defendant Hughes' residence and storage unit, as detailed above, multiple items relating to the robberies were found, including prybars known to be used in the robberies, multiple firearms, cash, and stolen lottery tickets. Therefore, the strength of the evidence against defendant Hughes is strong and weighs in favor of detention.

### III. The Defendant's History and Characteristics Merit Detention.

The third factor, the defendant's history and characteristics, also weighs in favor of detention. The defendant has a prior conviction of conspiracy to commit robbery—the same crime the defendant is accused of here—for which he was sentenced in 2011 to ten years' confinement, with two years suspended, and five years' probation.[3] While defendant Hughes' probation expired in March of 2019, there is at least one probation violation in 2018 related to alleged assault charges in Prince George's County, MD. The defendant has demonstrated that he will not comply with the

---

[2] This factor should be equally weighed. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, then Chief Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." 2023 WL 1778194, at *8. Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* at *10. In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). The Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang;* this factor should be given no less weight than any other factor.

[3] Circuit Court for Prince George's County, Case No. CT090712A.

terms of community-based supervision and that even a conviction to conspiracy to commit robbery, resulting in a lengthy prison sentence, will not deter him from returning to the same line of criminal conduct. Therefore, the defendant's history and characteristics strongly weigh in favor of detention.

## IV. The Defendant Presents a Danger to Our Community.

The fourth and final factor, the danger to any person or the community posed by the defendant's release, similarly weighs in favor of detention. Defendant Hughes and his co-conspirators have terrorized the local community over the past year by robbing multiple 7-Eleven stores, which has resulted in millions of dollars in losses and dozens of terrified employees. The danger posed by defendant Hughes is neither cursory nor miniscule. As recently as last week, as of the date of this filing, defendant Hughes and his co-conspirators robbed multiple locations in Virginia and Maryland. Over the course of the past year, they have robbed over 90 stores. Their tactics are measured, planned, and calculated to maximize yield and minimize risk of apprehension. Indeed, defendant Hughes and his co-conspirators evaded law enforcement for a year. If released, defendant Hughes would pose a risk to the community, therefore, this factor weighs in favor of detention.

*   *   *

**CONCLUSION**

There is no condition or combination of conditions that would ensure the defendant's compliance with court-ordered release conditions. As defendant Hughes' criminal history makes clear, even a felony conviction for conduct like what he is accused of here will not deter his criminal behavior. Instead, the defendant's criminality has escalated. Thus, there are no conditions that this Court could fashion that would ensure the defendant's compliance. For all the foregoing reasons, the Government respectfully requests that the Court detain the defendant pending trial.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:   */s/ Kyle M. McWaters*
       Kyle M. McWaters
       Assistant United States Attorney
       D.C. Bar No. 241625
       601 D Street NW
       Washington, DC 20579
       (202) 252-6983
       kyle.mcwaters@usdoj.gov